UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANTHONY JOHNSON | CIVIL ACTION |
| VERSUS | NO. 24-314 |
| ALLSTATE INSURANCE COMPANY ET AL | SECTION "L" (2) |

## ORDER

Before the Court is Plaintiff Anthony Johnson's ("Johnson") Motion to Remand to State Court, R. Doc. 5. Defendant Allstate Insurance Company ("Allstate") opposes the motion. R. Doc. 9. After a review of the record, briefings, and applicable law, the Court rules as follows.

### I.   BACKGROUND & PRESENT MOTION

This case arises out of an automobile accident involving Anthony Johnson which occurred on November 18, 2022. R. Doc. 1 at 1. Allstate is the uninsured/underinsured carrier of AJ's Produce Inc., Johnson's employer. *Id.* At the time of the accident, Johnson was allegedly in the course and scope of his employment. *Id.* Johnson sued Allstate in the Civil District Court for the Parish of Orleans on November 13, 2023 and served Allstate on December 5, 2023. *Id.*[1] On February 2, 2024, Allstate removed to federal court on the basis of diversity jurisdiction, asserting that Johnson is a resident of Louisiana, Allstate is domiciled in Illinois, and the amount in controversy exceeds $75,000. *Id.* at 2-3. Upon removal, the Clerk of Court issued a directive to Allstate as the removing party, instructing it to file into the record within fourteen days various

---

[1] There is an additional named defendant, Ebonie Aejah Cambre, although the record indicates that she has not been served nor does she have counsel enrolled.

1

information, such as the remaining parties, all state court pleadings, and copies of service returns that were filed in state court. R. Doc. 3.

Johnson filed the instant motion to remand arguing that removal was untimely because Allstate was required to remove within 30 days of being served and instead removed 61 days after it was served, and additionally that fourteen days had elapsed and Allstate had not complied with the Clerk's directive, "rendering the subject Removal defective." R. Doc. 5-1 at 2-3. Noting that Allstate was served on December 5, 2023, and then removed on February 5, 2024, Johnson argues removal was not timely. *Id.* Johnson provides no authority to support remand on the basis of failure to comply with the Clerk's directive.

Allstate opposes the motion, arguing that the initial pleading in this case failed to state an amount in controversy at all and therefore Allstate had no reason to believe the matter was removable. R. Doc. 9 at 2-3. Upon receipt of responses to written discovery, however, Allstate represents that it learned the amount in controversy satisfied diversity jurisdiction, bringing its removal under 28 U.S.C. § 1446(b)(3). *Id.* at 3. Allstate claims it received Johnson's responses to Requests for Admissions on January 23, 2024 admitting that his damages exceed $75,000. *Id.* (citing R. Doc. 9-2). Therefore, Allstate argues, its notice of removal was timely because it was within thirty days of receiving these "other papers" under § 1446(b)(3) and it was timely under § 1446(c)(1) because it was filed within a year from the commencement of the action. *Id.*

Lastly, Allstate notes that failing to comply with the Clerk's directive does not render a motion defective. *Id.* at 4. In *Louisiana State v. Arais-Elwin*, the court observed that the defendant did not comply with the Clerk's directive to file the complete state record, but nevertheless did not remand on these grounds, nor did it prevent the court from analyzing the substantive issues it faced. No. 18-4243, 2019 WL 668627, at *1 n.2 (E.D. La. Feb. 19, 2019). Allstate argues that if

2

noncompliance with the Clerk's directive were fatal, that court would have remanded on those grounds alone. R. Doc. 9 at 4.

## II.     APPLICABLE LAW

28 U.S.C. § 1441 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Accordingly, a defendant may remove a case to federal court if the federal court would have had original jurisdiction over the action. "Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375, 377 (1994)). The Fifth Circuit has explained that the removal statute should be strictly construed. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Any doubt concerning the basis of jurisdiction should be resolved in favor of remand. *Acuna v. Brown & Root*, 200 F.3d 335, 339 (5th Cir. 2000). Once a motion to remand has been filed, the burden is on the defendant to prove, by a preponderance of the evidence, that federal jurisdiction exists. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

In general, a defendant who wishes to remove an action first filed in state court must file a notice of removal within thirty days of being served or provided with the initial pleading or being served with a summons, "whichever period is shorter." 28 U.S.C. § 1446(b)(1). If, however, the initial pleading does not state a case which is removable on its face, "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* at § 1446(b)(3). If the initial pleading states a

case that cannot be removed solely because the amount in controversy does not exceed the diversity jurisdiction threshold, then "information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an 'other paper' under subsection (b)(3)." *Id.* at § 1446(c)(3)(A). Cases that are removable based on diversity cannot be removed pursuant to § 1446(b)(3) "more than 1 year after commencement of the action" absent plaintiff's bad faith in attempting to prevent removal. *Id.* at § 1446(c)(1).

### III.   DISCUSSION

The Court is satisfied that the notice of removal is timely under § 1446(b)(3). The initial pleading did not specify an amount in controversy and therefore did not put Allstate on notice that the case was removable. *See* R. Doc. 1-2. However, once Allstate received "information relating to the amount in controversy . . . in response to discovery," this amounted to an "other paper" under § 1446(b)(3) and Allstate timely filed its removal notice within thirty days. That Allstate did not comply initially with the Clerk's directive is not fatal, and the record shows that Allstate ultimately filed its notice of compliance on February 28, 2024. R. Doc. 7. The Court will not remand on this basis alone.

Accordingly, for the foregoing reasons, Johnson's motion to remand is **DENIED**.

New Orleans, Louisiana, this 7th day of March, 2024.

_____
United States District Judge