**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **ANTHONY JOHNSON** | * | **CIVIL ACTION NO. 24-314** |
| | | |
| **VERSUS** | * | **JUDGE ELDON E. FALLON** |
| | | |
| **ALLSTATE INSURANCE COMPANY** | * | **MAGISTRATE JUDGE** |
| **AND EBONIE AEJAH CAMBRE** | | **DONNA PHILLIPS CURRAULT** |
| *    *    *    *    *    *    *    * | | |

**ORDER & REASONS**

Before the Court is a motion for default judgment filed by Plaintiff Anthony Johnson against Defendant Ebonie Aejah Cambre. R. Doc. 30. The motion is unopposed. Considering the briefing, the record, and the applicable law, the Court will **GRANT** Plaintiff's Motion and enter a default judgment against Defendant Cambre.

## I. BACKGROUND & PRESENT MOTION

This case, originally filed in state court, concerns a car accident between Plaintiff Anthony Johnson and Defendant Ebonie Aejah Cambre. R. Doc. 1-2. Plaintiff alleges that, on November 18, 2022, while driving his company's vehicle and was in the course and scope of his employment, Defendant Cambre negligently disregarded a red traffic light and/or negligently failed to yield, instead traveling through an intersection and colliding with Plaintiff's vehicle.[1] *Id.* at 1–2. As a result of Ms. Cambre's actions, Plaintiff brings this suit against her and Plaintiff's uninsured/underinsured motorist coverage provider, Allstate Insurance Company ("Allstate"), to recover damages for past and future physical pain and suffering, mental pain and suffering, medical expenses, lost wages, and all other damages proven at trial. *Id.* at 2–3.

Allstate removed this action on the basis of diversity jurisdiction. R. Doc. 1; R. Doc. 9-2

---

[1]    Plaintiff's vehicle belonged to his employer, AJ's Produce, Inc., who knowingly permitted him to drive their vehicle. R. Doc. 1-2 at 2.

(admitting, in a request for admission answered by Plaintiff, that the amount-in-controversy exceeds $75,000). Thereafter, Plaintiff served Defendant Cambre with a federal summons on September 23, 2024. *See* R. Doc. 19 (serving Keoka Arceneaux at Ms. Cambre's residence); *see also* Fed. R. Civ. P. 5(b)(2)(B)(ii) ("A paper is served under this rule by . . . leaving it . . . at the person's dwelling or usual place of abode with someone of suitable age and discretion who resides there"). Her answer was due 21 days later, on October 15, 2024; however, to date, she has never filed an answer or otherwise appeared to defend against Plaintiff's claims. Fed. R. Civ. P. 12(a)(1)(A)(i) ("A defendant must serve an answer . . . within 21 days after being served with the summons and complaint"). The Clerk of Court entered initial default against Defendant at Plaintiff's request on May 11, 2026. R. Doc. 29.

Plaintiff now asks the Court to enter final default judgment against Defendant Cambre on her negligence. R. Doc. 30. Plaintiff avers that he is entitled to final default judgment because he followed all the procedural requirements and adequately pleaded his entitlement to recovery in the petition. *Id.*

## II.    APPLICABLE LAW

Under Federal Rule of Civil Procedure 55(b), a default judgment may be entered against a party when it fails to plead or otherwise respond to the plaintiff's complaint within the required timeframe. A party who seeks a default judgment against an uncooperative defendant must first petition the court for the entry of default, which is simply "a notation of the party's default on the clerk's record of the case." *Dow Chem. Pac. Ltd. v. Rascator Mar. S.A.*, 782 F.2d 329, 335 (2d Cir. 1986); *see also United States v. Hansen*, 795 F.2d 35, 37 (7th Cir. 1986) (describing the entry of default as "an intermediate, ministerial, nonjudicial, virtually meaningless docket entry").

Before the Clerk may enter a defendant's default, the plaintiff must show "by affidavit or otherwise" that the defendant "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). "Beyond that requirement, however, the entry of default is largely mechanical." *Valdes-Fauli v. Medford*, No. 11-618, 2011 WL 2790193, at *2 (E.D. La. July 15, 2011).

Once default has been entered, the plaintiff's well-pleaded factual allegations are deemed admitted. *See Nishimatsu Const. Co. v. Houst. Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). At the same time, the defaulting defendant "is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Id.* But "[t]he defendant, by his default, admits the plaintiff's well pleaded allegations of fact." *Id.* at 1206; *see also Escalante v. Lidge*, 34 F.4th 486, 492 (5th Cir. 2022). Then, once the preliminary default is entered and the facts are deemed admitted, the plaintiff may request the entry of a final judgment on the default. If the plaintiff's claim is for a sum certain and the defendant has not made an appearance in court, the request for a default judgment may be directed to the clerk. Fed. R. Civ. P. 55(b)(1). In all other cases, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2).

The petitioner "is not entitled to a default judgment as a matter of right." *Gather v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). The district judge possesses the discretionary authority to enter a default judgment. *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977). To determine whether to enter a default judgment, the Court must consider "1) whether the entry of default judgment is procedurally warranted, 2) whether a sufficient basis in the pleadings based on the substantive merits for judgment exists, and 3) what form of relief, if any, a plaintiff should receive." *Graham v. Coconut LLC*, No. 16-606, 2017 WL 2600318, at *1 (E.D. Tex. June 15, 2017) (citing *Lindsey*

3

*v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998)); *Nishimatsu Constr. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

### III.    ANALYSIS

The Court will first assess whether default judgment is procedurally appropriate. Then it will search the record to see if there is a sufficient basis in fact for default judgment on Plaintiff's claims that Defendant Cambre acted negligently in her operation of her vehicle. For the following reasons, the Court **GRANTS** the default judgment against Defendant Cambre on the issue of liability.

#### A.  Default Judgment Is Procedurally Proper.

Parties moving for default judgment must make three showings to obtain a default judgment—the first of which is "a prima facie showing" that the Court possesses personal and subject matter jurisdiction over the defendant in default. *Viahart, LLC v. Does 1-54*, No. 18-604, 2021 WL 777083, at \*3 (E.D. Tex. Jan. 29, 2021), *aff'd sub nom.*, No. 21-40166, 2022 WL 445161 (5th Cir. Feb. 14, 2022). If the movant makes this prima facie showing, the Court will then assess six factors to determine the necessity of the default judgment. *Lindsey*, 161 F.3d at 893. The Court must decide "(1) whether material issues of fact are at issue, (2) whether there has been substantial prejudice, (3) whether the grounds for default are clearly established, (4) whether the default was caused by a good faith mistake or excusable neglect, (5) the harshness of a default judgment, and (6) whether the court would think itself obliged to set aside the default on the defendant's motion." *Id.*

The Court finds that Plaintiff has made his prima facie showing and that the *Lindsey* factors weigh in favor of the entry of default judgment. Preliminarily, the Court notes that it has subject

matter jurisdiction over this action because the parties are completely diverse and Defendants met their burden on removal to demonstrate that the amount-in-controversy plausibly exceeds the jurisdictional threshold. *See* R. Doc. 1-2; R. Doc. 9-2. Plaintiff is a Louisiana resident; Ms. Cambre, at the time of the accident, was a citizen of Texas; and Allstate is a citizen of Illinois for diversity jurisdiction purposes. 28 U.S.C. § 1331; R. Doc. 1-2 at 2. Moreover, Plaintiff admitted in a request for admission that the amount-in-controversy exceeds $75,000. R. Doc. 9-2.

Next, considering the *Lindsey* factors, the Court finds that an assessment of all six factors reveal that the entry of default judgment is appropriate here under the circumstances. First, there are no issues of material fact because Cambre "by [her] default, admits the plaintiff's well-pleaded allegations of fact." *See Nishimatsu*, 515 F.2d at 1206. Second, the record does not suggest that Cambre has been prejudiced in any way. To the Court, Plaintiff is the party prejudiced by Cambre's failure to appear and defend itself in this suit because "the adversarial process has been brought to a halt" and it could be difficult for Plaintiff to recover damages on his successful claim. *See Viahart*, 2021 WL 777083, at *3. Third, Cambre's failure to answer, coupled with Plaintiff's proper adherence to all default judgment procedural rules, demonstrates that the grounds for default are clearly established. Fourth, there is no record evidence to show that Cambre's absence in this suit is caused by good faith mistake or excusable neglect. Fifth, default judgment is not unduly harsh here because Cambre has had over a year and a half to respond to Plaintiff's allegations, so she has had ample opportunity to defend against Plaintiff's claims. Finally, the Court is not aware of any facts that would lead it to set aside the default judgment if challenged by Cambre.

Accordingly, the Court finds that Plaintiff has demonstrated that a default judgment is procedurally warranted.

**B. Plaintiff Is Entitled to Default Judgment on Liability.**

The next inquiry a Court must make in its default judgment analysis is whether Plaintiff has demonstrated his entitlement to relief on the merits of his claim. The Court must assess whether the plaintiff's pleading adheres to the requirements of Rule 8 of the Federal Rules of Civil Procedure. *Wooten v. McDonald Transit Assocs.*, 788 F.3d 490, 498 (5th Cir. 2015). Although the defendant's default marks its admission to the plaintiff's allegations, the Court cannot enter a default judgment without finding a sufficient factual basis within the pleading. *Nishimatsu Constr. Co.*, 515 F.2d at 1206. The pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Additionally, the facts within the complaint must "'raise a right to relief above the speculative level' and into the 'realm of plausible liability.'" *Viahart*, 2021 WL 777083, at *4 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 n.5 (2007)).

Taking Plaintiff's well-pleaded allegations as true, and together with the unanswered—and therefore admitted—requests for admissions to Cambre, Plaintiff is entitled to default judgment against Defendant Cambre. Louisiana Civil Code art. 2315 provides that "[e]very act whatever of man that causes damages to another obliges him by whose fault it happened to repair it." This general negligence statute utilizes the standard duty-risk analysis, which requires that the plaintiff prove the following five elements:

> (1) the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) the defendant's conduct failed to conform to the appropriate standard (the breach element); (3) the defendant's substandard conduct was a cause in fact of the plaintiff's

injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element); and (5) the actual damages (the damages element).

*Lemann v. Essen Lane Daquiris, Inc.*, No. 2005-1095 (La. 3/10/06), 923 So. 2d 627, 633 (citing *Fowler v. Roberts*, 556 So. 2d 1, 4 (La. 1989), *reh'g granted on other grounds and original opinion reinstated as supplemented*, 556 So. 2d at 13 (La. 1990)).

Plaintiff has proven each element of his negligence claim against Cambre. First, as to duty, the Louisiana Supreme Court "ha[s] long held that a motorist must use such diligence and care in the operation of his vehicle as is commensurate with the circumstances." *Edwards v. Horstman*, No. 96-1403 (La. 2/25/97), 687 So. 3d 1007, 1011. This includes a motorists' general "duty to exercise reasonable care in the operation of the vehicle, which includes the duty to keep his vehicle under control and to maintain a proper lookout at all times." *Sullivan v. Murphy*, No. 37,473 (La. App. 2 Cir. 8/22/03), 852 So. 2d 1277, 1282. Second, as to breach of that duty, Plaintiff has pleaded facts sufficient to show that Cambre breached the duty to exercise reasonable care in the operation of her vehicle by "disregard[ing] the red traffic signal and/or fail[ing] to yield" before crashing into Plaintiff's vehicle. R. Doc. 1-2 at 1. Taking Plaintiff's allegations as true, he has established the duty and breach elements.

Third, Plaintiff will need to include sufficient facts to show that Cambre was the cause-in-fact of his injuries. He has done so by explaining the actions Cambre took with respect to her operation of her vehicle. *Id.* at 1–2. Moreover, nothing in the petition gives rise to the inference that there were any other causes-in-fact of the subject accident. Next, for the scope-of-duty inquiry, Plaintiff must show that his injuries "is one of the risks encompassed by the rule of law that imposed the duty.'" *Harris v. Boh Bros. Constr. Co.*, No. 2020-0248, 322 So. 3d 397, 415

(quoting *Chaisson v. Avondale Indus., Inc.*, No. 05-1511, p. 24 (La. App. 4 Cir. 12/20/06), 947 So. 2d 171, 188). Plaintiff has pleaded sufficient facts to allow this Court to conclude that Plaintiff was injured in precisely the way the imposed duty contemplates. Finally, Plaintiff is required to demonstrate that he suffered actual damages. While there is no evidence presently in the record to substantiate a calculable total of damages suffered, he has pleaded that he incurred medical expenses for the treatment of his accident-related injuries. R. Doc. 1-2 at 2–3.

Plaintiff's petition for damages included sufficient facts to establish Cambre's liability to Plaintiff for her negligent operation of her vehicle. Plaintiff is entitled to default judgment on the merits against Defendant Cambre.

## IV.    CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS ORDERED** that Plaintiff's Motion for Default Judgment against Defendant Ebonie Aejah Cambre, R. Doc. 30, is hereby **GRANTED** as to Cambre's liability to Plaintiff.

New Orleans, Louisiana, this 28th day of May, 2026.

THE HONORABLE ELDON E. FALLON

8